UNITED STATES of America,
Appellee,

v.

Josephine TUSANEZA, Defendant–
Appellant.

No. 04–0198–CR.

United States Court of Appeals,
Second Circuit.

Nov. 19, 2004.

Cynthia K. Dunne, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, NY, for Appellee, of counsel.

James E. Neuman, Mischel, Neuman & Horn, P.C., New York, NY, for Defendant–Appellant.

Present: NEWMAN, McLAUGHLIN, Senior Circuit Judges, and POOLER, Circuit Judge.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Josephine Tusaneza appeals from the District Court's judgment, entered December 23, 2003, convict-

ing her, after a jury trial, of one count of money laundering under 18 U.S.C. § 1956(a)(1)(b)(i) and one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

On a challenge to the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility assessments in its favor. *United States v. Aulicino,* 44 F.3d 1102, 1114 (2d Cir.1995). We must affirm "if any rational juror could have found the essential elements of the crime proved beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

It is uncontested that the evidence sufficed to prove that defendant engaged in a financial transaction involving the proceeds of illegal drug trafficking. Defendant's knowledge that the transaction was designed to conceal the illegal source of the funds from the state court may be inferred from defendant's role in facilitating the concealing aspects of the transaction by, for example, purporting to own property she had already sold, and agreeing to lie to the state court.

Defendant's knowledge of the illegal source of the funds may be established by evidence that defendant was "wilfully blind" to facts before her. *United States v. Rivera–Rodriguez,* 318 F.3d 268, 271 (1st Cir.2003); *United States v. Campbell,* 977 F.2d 854, 859–60 (4th Cir.1992). Such "willful blindness" may be inferred from the presence of a pattern of "red flags" putting defendant on notice of the illegal source of the funds. *See Rivera–Rodriguez,* 318 F.3d at 272; *United States v. Garcia–Emanuel,* 14 F.3d 1469, 1475–76 (10th Cir.1994).

■ The evidence sufficed to establish the presence of several such red flags. A

very large amount of cash was involved, and the transaction was structured in an unusual way with the clear purpose of hiding the transaction from the state court and obscuring the identity of the property's true owner. Moreover, defendant was aware of information connecting the transaction with the drug trade: that the brother of the party with whom defendant dealt- the person the transaction was plainly designed to benefit-was in jail awaiting trial on serious drug charges.

■ While admission at trial of plea allocutions of defendant's co-conspirators was improper under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), *see United States v. McClain,* 377 F.3d 219 (2d Cir.2004), defendant is not entitled to a new trial on this basis as the error did not affect her "substantial rights." *See United States v. Keigue,* 318 F.3d 437, 441 (2d Cir.2003). The District Court allowed use of the allocutions only to prove the existence of the money laundering conspiracy and not to prove defendant's participation or knowledge, and gave a limiting instruction to that effect. Other evidence sufficed to prove the existence of the conspiracy. We presume, absent evidence to the contrary, that jurors abide by a district court's limiting instructions. *See United States v. Downing,* 297 F.3d 52, 59 (2d Cir.2002). We conclude, therefore, that suppression of the allocutions would likely not have changed the result of the trial, so that defendant is not entitled to a new trial. *See Keigue,* 318 F.3d at 445.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari). Should any party believe there is a need for the district court to

exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address a defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

For the foregoing reasons, the judgment of the District Court is AFFIRMED, and the Clerk is directed to hold the mandate pending the decision in *Booker* and *Fanfan.*